# BRACEWELL

May 14, 2024

**BY ECF**

The Honorable Zahid N. Quraishi
U.S. DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Services, Inc.*,
Civil Action No. 3:24-cv-05470-ZNQ-RLS

Your Honor:

On behalf of our client, Defendant A.M. Best Rating Services, Inc. ("AM Best"), we briefly respond to Plaintiffs' recent request for discovery. On the afternoon of Saturday, May 11, Plaintiffs' counsel informed undersigned counsel by email that Plaintiffs intended to seek leave to take discovery in advance of the May 31 hearing, and Plaintiffs filed a letter to that effect with the Court early the morning of Monday, May 13. As Your Honor is aware, during the April 23, 2024 telephonic hearing in this matter, the Court informed the parties that no discovery would be taken until after the Court addressed Plaintiffs' Motion for an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 5) ("Motion"). Plaintiffs have not shown any reason why the Court should revisit that ruling.

In addition, the proposed discovery requests that Plaintiffs provided to AM Best are overly broad and seek information that is not relevant to Plaintiffs' breach-of-contract theory. For example, Plaintiffs seek information regarding various internal AM Best policies and procedures. However, the theory Plaintiffs have pled is that AM Best's contracts with Plaintiffs require AM Best to adhere to "the A.M. Best policies and procedures made available through the A.M. Best website."[1] These documents are readily available to Plaintiffs, and the Complaint and briefing in this case liberally reference them. Plaintiffs seek production of documents going back to January 1, 2021, over three years before the alleged "breach."[2] Plaintiffs have also expanded the scope of the discovery they seek: Plaintiffs' counsel informed undersigned counsel that they intend to seek as many as *six* depositions before the May 31 hearing, whereas Plaintiffs' original motion for expedited discovery did not request any depositions. Plaintiffs have offered no justification whatsoever for such depositions. Such broad discovery plainly cannot be completed before the May 31 hearing. This Court should not permit Plaintiffs to delay the disposition of the Motion.

---

[1] Compl. ¶ 28; *see also id.* ¶¶ 69, 79 (alleging that AM Best agreed to "adhere to its published rating methodologies"). Defendant does not agree with Plaintiffs' characterization of the governing contracts, but there is plainly no basis for Plaintiffs to enforce *internal* policies and procedures through a breach-of-contract theory.
[2] *Id.* ¶ 6.

**Rita K. Maxwell**
*Senior Counsel*

T: +1.212.508.6129      F: +1.800.404.3970
31 West 52nd Street, Suite 1900, New York, New York 10019-0019
rita.maxwell@bracewell.com      bracewell.com

# BRACEWELL

The Honorable Zahid N. Quraishi
May 14, 2024
Page 2

Further, many of Plaintiffs' proposed discovery requests seek information that is protected by the New Jersey Shield Law, N.J. Stat. § 2A:84A-21. The Shield Law establishes an absolute privilege for publishers from disclosing confidential information that led to a challenged publication. *See Resorts Int'l, Inc. v. NJM Assocs.*, 89 N.J. 212, 215–16, 445 A.2d 395, 397 (1982) ("[T]he New Jersey Shield Law, *N.J.S.A.* 2A:84A–21, establishes an absolute privilege in libel actions not to disclose sources, editorial processes and other confidential information involved in publication of an alleged libel. The notes, memoranda, rough drafts, editorial comments, sources and other information sought by plaintiffs in this case are included in the Shield Law's protection."). Courts have held that the Shield Law applies to AM Best because AM Best is a publisher engaged in the collection and dissemination of news information regarding the insurance industry for a public audience. *Stephens v. Am. Home Assurance Co.*, 1995 U.S. Dist. LEXIS 5086 (S.D.N.Y April 17, 1995); *In re Burnett*, 635 A.2d 1019, 1023 (N.J. Super. Ct. Law Div. 1993). Therefore, AM Best may not be compelled to produce confidential information subject to the Shield Law.

Respectfully,

*Rita K. Maxwell*
Rita K. Maxwell (NJ Attorney ID 043422010)
Britt Cass Steckman (*pro hac vice*)
Patrick J. Morley (*pro hac vice*)
**Counsel for Defendant**
**A.M. Best Rating Services, Inc.**


cc (via ECF):
    All Counsel of Record