

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

May 16, 2024

**VIA CM/ECF**
Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

  Re: *Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Servs., Inc.*,
    Civ. A. No. 3:24-cv-05470 (ZNQ)(RLS)

Dear Judge Quraishi:

  This firm, together with MoloLamken LLP, represents Plaintiffs, the A-CAP Insurers, in this action. As requested by the Court at the status conference yesterday, we write in response to A.M. Best's letter dated May 14, 2024, and to update the Court on the status of the parties' negotiations regarding discovery.

  The parties met and conferred yesterday and made some progress on the scope of discovery, but disputes remain as set forth below.

**Document Requests**

  Plaintiffs have narrowed the scope of their Requests.[1] A.M. Best has agreed to provide copies of its policies but refuses to produce documents that are at the heart of this case – its analysis and related documents leading to its proposed downgrade (Request 2). It also refuses to produce documents relating to the A.M. Best team responsible for the downgrade (Request 3) and documents relating to what A.M. Best knew about the effect of the downgrade on Plaintiffs' business (Request 6). Plaintiffs request that the Court order A.M. Best to comply with the Requests forthwith.

Request 2

All documents and communications concerning the Credit Rating Action and any associated analyst manual adjustments, including any meeting minutes, meeting agendas, valuations, notes, work papers, industry reviews, proposals, analyses, models, and/or drafts of any of these materials relating thereto.

---

[1] Attached as Exhibit A is a redline showing how Plaintiffs have limited their Requests. Attached as Exhibit B is Plaintiffs updated Requests. Plaintiffs have further limited their Requests by withdrawing updated Requests 1 and 4. Defendant agreed to produce documents responsive to updated Request 5.

A.M. Best has no relevance or overbreadth objections to Request 2, which seeks documents regarding the rating downgrade that are of central importance to this case. A.M. Best argues only that Request 2 (along with Requests 3 and 6) is barred by New Jersey's Shield Law. For the reasons discussed below, the law does not apply and has been waived in any event.

### Request 3

All documents and communications concerning the change in the analyst team responsible for covering the A-CAP Insurers in 2022 or in 2023, including all related A.M. Best policies and procedures and communications between the former analyst team and the current analyst team members concerning the A-CAP Insurers.

A.M. Best argues Request 3 is irrelevant and overbroad for purposes of a preliminary injunction hearing. But that Request seeks information about the team at A.M. Best responsible for the downgrade, which the Complaint alleges departed from prior teams' practices and acted in bad faith, breaching the parties' contracts and the implied covenant of good faith and fair dealing. *See* DE No. 1 ¶¶ 6, 36-42, 47-48, 55; DE No. 21 at 3-5. The Request is not overbroad because it covers only the time since the new A.M. Best team was put in place.

### Request 6

All documents and communications concerning the effect of the Credit Rating Action or the A-CAP Insurers' Financial Strength Rating on the A-CAP Insurers' business and operations.

A.M. Best argues Request 6 is likewise overbroad, but that Request seeks information about what, and when, A.M. Best knew about the harm its downgrading action would have on Plaintiffs. That goes directly to A.M. Best's bad faith and intent, as well as irreparable harm. And the Request primarily addresses the last few months, when the downgrading action was taking place. That discovery is directly related to the issues that will be addressed at the hearing.

### New Jersey Shield Law

A.M. Best also contends it need not produce relevant documents because it enjoys protection under the New Jersey Shield Law, N.J.S.A. § 2A:84A-21. Despite having Plaintiffs' original Requests since April 23, A.M. Best first raised this defense in the past paragraph of the letter it filed with the court at 5:00pm the night before yesterday's conference.

The argument fails for three reasons. **First**, A.M. Best has not made "a prima facie showing" that the law applies. *Too Much Media, LLC v. Hale*, 20 A.3d 364, 382 (N.J. 2011) (citing N.J.S.A. § 2A:84A-21.3). It is required to submit evidence – at least a "certification" – that it has complied with the statute's requirements. *Id.* at 383. A.M. Best's submission – a couple of case citations in a last-minute letter – does not cut it.

Hon. Zahid N. Quraishi, U.S.D.J.
Page 3
May 16, 2024

**Second**, the privilege does not apply. A.M. Best's rating is not a "professional *newsgathering* activit[y]" aimed at gathering or disseminating news. *Too Much Media*, 20 A.3d at 382 (emphasis added); *see* N.J.S.A. § 2A:84A-21a. A.M. Best rates companies only because it **is paid by clients** – newsgatherers do not only "cover [their] own clients." *In re Fitch, Inc.*, 330 F.3d 104, 109 (2d Cir. 2003). A.M. Best thus is not "a member of the news media reporting" the news for purposes of New Jersey's Shield Law. *In re Napp Techs., Inc. Litig.*, 768 A.2d 274, 276, 280 (N.J. Super. Ct. 2000) (holding privilege did not apply to public relations company); *cf. Regis Ins. Co. v. A.M. Best Co.*, 606 F. App'x 39, 42 (3d Cir. 2015) (explaining that A.M. Best was subject to discovery and trial related to an allegedly defamatory rating).[2]

**Third**, A.M. Best has waived any privilege by opening the door to the very issues Plaintiffs seek discovery on. A party waives privilege when the truth of its own assertions "can only be assessed by examination of . . . privileged materials." *Net2Phone, Inc. v. Ebay, Inc.*, No. 06-cv-2469, 2008 WL 8183817, at *10 (D.N.J. June 26, 2008). Here, A.M. Best has claimed privilege over its entire ratings process while submitting the affidavit of Mr. Porcelli purporting to "**explain[] how AM Best arrived at [its] rating**" and to argue there were no "[d]eviations from methodology" that could breach A.M. Best's contracts. DE No. 16 at 8 (emphasis added); DE No. 16-1 ¶ 35. Mr. Porcelli discusses A.M. Best's internal deliberations, sources of information and materials, and analyses, but A.M. Best refuses to let Plaintiffs test his assertions. *See* DE No. 16-1 ¶¶ 27, 30, 35. A.M. Best cannot have it both ways – it cannot hide behind self-serving "conclusions" without disclosing its "analysis or reasoning" and submitting to adversarial testing and investigation. *Net2Phone*, 2008 WL 8183817, at *10. It has waived the privilege.

**Depositions**

Plaintiffs have narrowed their deposition requests to include only (1) a 30(b)(6) witness, (2) witnesses Defendant intends to call at the hearing, and (3) the right to depose an additional fact witness Plaintiffs determine possesses knowledge relevant to the parties' claims or defenses after reviewing A.M. Best's document production. A.M. Best refuses to agree to the additional fact witness, agreeing only to meet and confer again "if facts develop" further.

Plaintiffs should be allowed to depose an additional fact witness with relevant knowledge. Plaintiffs bear the burden of proof. And A.M. Best should not get unilateral control over what witnesses Plaintiffs depose, especially since A.M. Best has identified at least *twelve* people that participated in its rating committee meetings. *See* DE No. 16-1 ¶¶ 27, 30. If discovery indicates an additional deposition is warranted, Plaintiffs should have the right to take it. In light of the already tight discovery deadlines, requiring the parties (as A.M. Best proposes) to meet and confer again, and raise additional disputes with this Court, will result in unnecessary delay.

---

[2] The 1990s cases on which A.M. Best relies addressed periodical "trade publication[s]" and did not address the fact that A.M. Best rates only paying clients. *Petition of Burnett*, 635 A.2d 1019, 1020 (N.J. Super. Ct. 1993); *see Stephens v. American Home Assurance Co.*, No. 91-cv-2898, 1995 WL 230333, at *2 (S.D.N.Y. Apr. 17, 1995).

Case 3:24-cv-05470-ZNQ-RLS   Document 38   Filed 05/16/24   Page 4 of 4 PageID: 530

Hon. Zahid N. Quraishi, U.S.D.J.
Page 4
May 16, 2024

    Plaintiffs thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or require anything further.

        Respectfully submitted,

        *s/Liza M. Walsh*

        Liza M. Walsh

w/ enclosures (Exs. A-B)

cc:    All counsel of record (via ECF & Email)