

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

June 5, 2024

**VIA CM/ECF**
Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

     Re:    *Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Servs., Inc.*,
            Civ. A. No. 3:24-cv-05470 (ZNQ)(RLS)

Dear Judge Quraishi:

      This firm, together with MoloLamken LLP, represents Plaintiffs in this action. We write concerning Defendant's improper privilege claims. Despite meeting and conferring at a May 29 telephone conference and over email, the parties have reached an impasse on this issue. Plaintiffs thus respectfully request that the Court order Defendant to produce the challenged documents or submit them for *in camera* review.

      This dispute concerns internal A.M. Best communications after March 28, the day Plaintiffs' counsel first wrote to Defendant about the credit-rating action at issue in this case. During the May 29 meet and confer, Defendant's counsel admitted that, following that letter, Defendant began copying counsel on emails about the credit rating. Defendant has withheld 85 documents (in whole or in part) on privilege grounds. However, Defendant refuses to state whether the withheld documents concern the substance of the rating action. *See* Ex. A (email exchange).

      Defendant's rating process and the key event in this case – Defendant's decision to downgrade the A-CAP Insurers' rating – took place on April 22, well after counsel's March 28 letter. Defendant has produced only 120 internal emails after March 28, and ***no*** emails copying counsel. The post-March 28 emails that Defendant has produced contain little substantive discussion of the credit rating action. Moreover, Defendant's privilege log indicates that it has withheld or redacted 27 emails solely between ***non-lawyers*** sent after March 28. *See* Ex. B.

      Withholding substantive communications about the rating action is improper. "[W]hat would otherwise be routine, non-privileged communication between corporate officers or employees transacting the business of a company, do not attain privileged status because in-house or outside counsel is copied." *LifeScan, Inc. v. Smith*, No. 17-5552, 2022 WL 20853534, at *7 (D.N.J. May 5, 2022). Rather, the privilege "protects *only* those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423-24 (3d Cir. 1991). Cases consistently hold that where, as here, a company is contractually required to perform work, communications

Hon. Zahid N. Quraishi, U.S.D.J.
Page 2

about that work are not privileged, even if lawyers are involved.[1]  Because Defendant has a contractual obligation to perform the rating at issue, it cannot shield its rating analysis from scrutiny simply by involving counsel.

Nor can Defendant assert work product protection on the theory that it anticipated litigation after March 28.  Only documents prepared *because of* anticipated litigation are work product; documents that would have been created without litigation do not qualify.  *See United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (documents "that would have been created in essentially similar form irrespective of the litigation" are not work product); *Supernus*, 2016 WL 5339594, at *3 (similar).  Because Defendant would have performed the credit rating whether or not it anticipated litigation, communications about what rating to assign are not work product.

Defendant is not entitled to withhold communications about the substance of the review.  Accordingly, Plaintiffs respectfully seek an order requiring Defendant to immediately produce all documents reflecting the substance of Defendant's ratings analysis.  Alternatively, Plaintiffs request that the Court review the withheld or redacted documents *in camera* to assess whether Defendant's privilege and work product claims are proper.[2]

Finally, the Court should reject Defendant's attempt to delay a ruling on this issue.  Defendant refused to discuss its privilege claims until it produced a privilege log yesterday evening.  *See* Ex. B.  But given Defendant's slow pace in producing documents, Plaintiffs do not have the luxury of further delay.  Despite the Court's May 20 order to make productions "immediately," (DE No. 39 at 2), Defendant did not produce redacted documents until May 30, reveal its privilege claims until May 29, or produce a privilege log until June 4.  Meanwhile, depositions may begin as soon as next week, and the preliminary injunction hearing is set for June 28 (*see* DE No. 49).  In any event, Defendant's log does not reveal which communications involve the substance of its rating action.  The Court should rule on this issue now to avoid further delay.

Plaintiffs thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or require anything further.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

w/ enclosures (Exs. A-B)

cc:   Hon. Rukhsanah L. Singh, U.S.M.J.
      All counsel of record (via ECF & Email)

---

[1] *See, e.g.*, *Formosa Plastics Corp., U.S.A. v. Ace Am. Ins. Co.*, No. 20-14338, 2023 WL 8446228, at *5-6 (D.N.J. June 8, 2023) (insurer's factual investigation of claims is not work product, even if counsel is involved); *In re B & C Seafood LLC*, 431 F. Supp. 3d 533, 537 (D.N.J. 2019) (report of party retained to conduct investigation not work product); *Supernus Pharms., Inc. v. TWI Pharms., Inc.*, No. 15-369, 2016 WL 5339594, at *3 (D.N.J. June 21, 2016) (where analysis "had to be done," it was not work product simply because lawyers were involved); *Assured Guar. Mun. Corp. v. DLJ Mortg. Cap., Inc.*, 44 Misc. 3d 1206(A), 2014 WL 3288335, at *10 (N.Y. Sup. Ct. 2014) (where company had agreed to investigate defective loans, documents about that analysis were not work product).

[2] *In camera* review might also reveal other problems with A.M. Best's privilege theories, including that they were waived when Mr. Porcelli put the rating at issue, *see* DE No. 39, or that they relate to supposed work product for which there is a substantial need and no other means of obtaining without undue hardship, *see* F.R.C.P. 26(b)(3)(A)(ii).