# Exhibit A

|      |      |
|------|------|
| **From:** | Steckman, Britt <britt.steckman@bracewell.com> |
| **Sent:** | Sunday, June 2, 2024 2:47 PM |
| **To:** | Kelley, Mark |
| **Cc:** | Maxwell, Rita; Morley, Patrick; A-CAP ML |
| **Subject:** | RE: A.M. Best's Document Productions |

Mark:

Please confirm that Plaintiffs will provide a privilege log as well.

We have reviewed your searches and search terms. As you did not identify a date range, we assume you used the date range 1/1/24 through the present, pursuant to Instruction No. 10 in AM Best's RFPs. If this is not the case, please clarify your date range and the basis on which you applied a different date range.

With respect to your proposed terms, your searches are too narrow and appear tailored to produce only documents that might prove your allegations, not those that might disprove them. That is not how discovery works.

With respect to Request No. 1, we asked for "All documents and communications concerning the Credit Rating Action." As we explained on our meet and confer, this includes (1) Internal ACAP communications about the Credit Rating Action (including, but not limited to, discussions about the credit rating process, discussions about what to provide, or not provide, to AMB, discussions about the anticipated rating action and its impact on ACAP's business); and (2) external ACAP communications about the Credit Rating Action (including, but not limited to, representations to third parties about the impact of the anticipated credit rating). This second category includes all representations regarding ACAP's ability to operate with the anticipated credit rating, not just "documents relating to the harm Plaintiffs have asserted." We remind you that we have only sought documents for a short date range, and we are agreeing to your four custodians.

You must, at a minimum, edit search number one in the following manner, to be run as two separate searches:
1. (share* or disclos* or send* or sent* or provid* or withhold* or hold* or tell or told or downgr* or kroll or winthrop) AND ("AM Best" or "A.M. Best" or AMB)
2. (porcelli or wayne or kaminski or Jia*)

You must also add the following search:
1. "B-" w/100 (AMB or "A.M. Best" or "AM Best" or "rating")

With respect to Request No. 2, we are seeking not just the documents about the recapture and replace plan, we have asked for documents concerning the recapture of the 777 Re risk/business as executed, including the new reinsurance agreements. You have proposed no search terms for this request. At a minimum, you must search: "777 re" and recapture. In addition, you must provide copies of new reinsurance agreements the ACAP Insurers entered into as a part of the ACAP Insurers' recapture plan.

With respect to Request No. 4, the use of "valuation" as the only key word relating to "Nutmeg" and "Harrier" is far too narrow. We are seeking documents that would show the value of these assets, not documents regarding your internal valuation of the assets. You should, at a minimum, modify your search to include, along with "valuation," the following "OR" key word terms:
1. Profit*
2. Loss*
3. Revenue*

4. Foreclose*
5. Loan*
6. Debt*
7. Liabilit*
8. Asset*
9. Bankrupt*

In response to your additional custodian and search term request for AM Best's searches, while we disagree with your assertion that your additional terms and custodian should have been applied from the start, in order to avoid further disputes on this issue, we agree to designate Jia Jian as an additional custodian for the original key word searches, and we agree to expand our search to include the search terms you identified for custodians Jian, Porcelli, Kaminski, and Frino.  We are having those searches run and will promptly revert if we learn of any issues that would prevent us from producing any further responsive documents this week.

Regarding your request for a deposition of Mr. Jian, we will check on his availability; however, we will only agree to offer him as a deponent in lieu of any 30(b)(6) deposition.

**BRITT STECKMAN**
Partner
britt.steckman@bracewell.com | download v-card
T: +1.202.828.5831 | F: +1.800.404.3970 | M: +1.703.405.7192

**BRACEWELL LLP**
2001 M Street NW, Suite 900 | Washington, D.C. | 20036-3310
bracewell.com   |   profile   |   LinkedIn   |   Twitter

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Kelley, Mark <mkelley@mololamken.com>
**Sent:** Saturday, June 1, 2024 8:54 PM
**To:** Steckman, Britt <britt.steckman@bracewell.com>
**Cc:** Maxwell, Rita <rita.maxwell@bracewell.com>; Morley, Patrick <patrick.morley@bracewell.com>; A-CAP ML <A-CAPML@mololamken.com>
**Subject:** [EXTERNAL SENDER] RE: A.M. Best's Document Productions

Britt,

First, we consider ourselves at an impasse on the privilege issue.  While we look forward to your privilege log, there is no point waiting until that log is produced to answer basic questions such as whether documents about the substance of the review are being withheld.

Second, A.M. Best's terms and custodians are inadequate.  The small number of documents you produced indicate that Jia Jian performed the relevant analyses, yet you failed to include him as a custodian.  You included one of the Plaintiffs, but not the other.  And you failed to include Haymarket, the reinsurance entity through which the A-CAP Insurers contract with 777 Re.  At a minimum, A.M. Best needs to expand its search to include the following:

2

- Custodian: Jia Jian
- Terms: "Atlantic Coast," "ACL," "SSL," "Haymarket," "777," and "Kenny"

This custodian and these terms should have been included from the beginning. Please let us know by Monday morning whether you will search for and review documents using this additional custodian and these additional terms, and provide a date certain – no later than Wednesday at 5:00 p.m. Eastern – by which you will produce the additional responsive materials.

Third, as I mentioned above, it is clear from the documents you have produced that Jia Jian conducted the relevant analyses. As just a few examples:

- AMBRS-00001003 demonstrates that Kaminski asked Jian to analyze the assets involved in the A-CAP Insurers' recapture and replace plan, and that Jian created the critical excel document that wrote down each of the relevant assets by 100%.
- AMBRS-00001709 demonstrates that A.M. Best's analysis was simply Jian's analysis. This is a direct quote from Kaminski: "The focus of the BCAR calc will obviously be on the assets and how we viewed them**. 'We' meaning the process you followed in analyzing the transferred assets."** (emphasis added).
- AMBRS-00001118 demonstrates that when A-CAP had questions about the rating analysis, Porcelli and Kaminski turned to Jian to provide answers. *See also* AMBRS-00001709.

Accordingly, we need to depose Jia Jian. Please confirm by Monday morning that he will be deposed and, as soon as possible, provide dates when he will be available.

Fourth, we will not be prepared to provide information regarding the number of documents we are withholding on privilege grounds by Monday. Given the delay in A.M. Best's service of its discovery requests, and the breadth of those requests, the parties are obviously at different points in the document review and production process. A-CAP is performing a significant review of over 10,000 documents in response to requests served on us 10 days ago. (In contrast, we served our modified requests on A.M. Best 3 weeks ago.) We have brought on additional reviewers to work over the weekend to complete our review as quickly as possible. We will provide you with information regarding our privilege withholding in due course.

Mark


**Mark Kelley**
**ML MOLOLAMKEN**
430 Park Avenue
New York, NY 10022
T:  (212) 607-8167
M: (602) 616-2532
www.mololamken.com

---

**From:** Steckman, Britt <britt.steckman@bracewell.com>
**Sent:** Saturday, June 1, 2024 5:17 PM
**To:** Kelley, Mark <mkelley@mololamken.com>
**Cc:** Maxwell, Rita <rita.maxwell@bracewell.com>; Morley, Patrick <patrick.morley@bracewell.com>; A-CAP ML <A-CAPML@mololamken.com>
**Subject:** RE: A.M. Best's Document Productions

Mark:

These weekend demands are unproductive. AM Best is withholding communications that were made for the purpose of obtaining or receiving legal advice, reflect legal advice, or contain mental impressions of counsel prepared in anticipation of litigation. We will not provide additional information on the content of privileged communications. We are concerned that you are asking these questions in order to later argue that our assertion of privilege has somehow been waived. As set forth below, to date, there are only 97 documents that are privileged in whole or in part. We can easily provide a log of these documents on Monday or Tuesday, and you can assess your position then. We will require that you also produce a privilege log listing the documents that you are withholding as privileged.

We have re-reviewed all documents that were initially withheld, in whole or in part, on privilege grounds. As of yesterday, there were 129 total, including the documents that we have produced to you in redacted form. Upon further review, we have determined that some of the communications with counsel that were initially withheld may be produced, as they do not disclose privileged communications or attorney opinions. Many of these are meeting invitations. We will also produce a few additional documents in redacted form. We will produce these additional documents over the weekend.

After that production, there will be only 97 documents that are privileged in whole or in part. All are dated March 28, 2024 or later. As I noted earlier, discovery is a two-way street: on Monday, please provide the same information to us (the number of documents you are presently withholding and the earliest date that you are withholding otherwise responsive documents).

We trust this information puts to rest any concerns about AM Best's assertions of privilege.

The parameters of AM Best's email searches were as follows:

- Date range: 2/23/24 to 4/22/24
    - Custodians: Mike Porcelli, Wayne Kaminski, and Ken Frino
    - Keywords "ACAP," "A-CAP," "777 Re," and "Sentinel Security"
        - Please note that "Sentinel Security" only returned 11 unique hits, which were actually near-duplicates of other files.
- Date range: 8/22/22 to 9/10/22
    - Custodians: Wayne Kaminsky and Mike Porcelli
    - Keywords "ACAP" and "A-CAP"

AM Best also produced the complete file maintained in its Document Management System for the Credit Rating Action (as defined in your RFPs), which includes some emails.

We also wanted to let you know that we learned on Thursday that AM Best has records of some Microsoft Teams chats that may be responsive. We had hoped to obtain those and produce any responsive documents on Friday, but due to technical issues were not able to obtain them for review. I understand that there are 1500 or fewer files for custodians Mike Porcelli, Wayne Kaminski, and Ken Frino for the time period 2/23/24 to 4/22/24 before any search terms have been applied. We are working to get those files to review over the weekend, as well.

We are still reviewing Plaintiffs' proposed limitations as to the RFP responses and search terms and will revert.

Thank you for providing the potential deposition dates.

**BRITT STECKMAN**
Partner

britt.steckman@bracewell.com | download v-card
T: +1.202.828.5831 | F: +1.800.404.3970 | M: +1.703.405.7192

**BRACEWELL LLP**

2001 M Street NW, Suite 900 | Washington, D.C. | 20036-3310
bracewell.com   |   profile   |   LinkedIn   |   Twitter

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Kelley, Mark <mkelley@mololamken.com>
**Sent:** Saturday, June 1, 2024 12:06 PM
**To:** Steckman, Britt <britt.steckman@bracewell.com>; Maxwell, Rita <rita.maxwell@bracewell.com>; Morley, Patrick <patrick.morley@bracewell.com>
**Cc:** A-CAP ML <A-CAPML@mololamken.com>
**Subject:** [EXTERNAL SENDER] RE: A.M. Best's Document Productions

Patrick and Britt,

Given the timing of your productions and the scheduled hearing, we do not have the luxury of waiting for you to produce a privilege log.  Please clarify – today – whether you are withholding documents about the substance of the credit rating action on privilege or work product grounds.  If you do not, we will seek relief from the Court and indicate that you have refused to provide your position.

Here are our positions on the RFPs following the meet and confer, our custodians and search terms, and our responses to the points in Patrick's email.

RFP 1:  We would agree to produce all communications with A.M. Best in Plaintiffs' possession, custody, or control concerning the Credit Rating Action.  We would also agree to perform a reasonable search for documents and communications relating to the harm Plaintiffs have asserted results from the Credit Rating Action.  We would also agree to perform a reasonable search for documents or communications in Plaintiffs' possession discussing, considering, or deciding what, whether, and when to submit information to A.M. Best in connection with the Credit Rating Action.

RFP 2:  In satisfaction of this RFP, and as part of the production we would make for RFP 1, we would also agree to produce documents or communications discussing, considering, or deciding what, whether, and when to submit information to A.M. Best about the recapture and replacement plan in connection with the Credit Rating Action.  Further, and as part of the production in response to RFP 1, we would agree to produce documents and communications regarding the impact of the Credit Rating Action on the recapture and replacement plan and any harm caused by the Credit Rating Action.

RFP 3:  We would agree to produce documents sufficient to show the terms of the lending relationship between A-CAP and 777 Partners.

RFP 4:  We would agree to produce documents relating to valuations of the Nutmeg and Harrier assets.

RFP 6:  Mr. Lundelius made no assumptions for his declaration which are not explicitly stated in that declaration.  We have identified one communication providing facts or data to Mr. Lundelius which we will produce.  He will be available at his deposition to answer questions regarding the other topics raised in this request.

We have already begun collecting and reviewing a significant number of documents consistent with the above and will continue producing responsive documents on a rolling basis.  Here is information about our review:

**Custodians**

King, Saliba, McGuffin, Rosztoczy, and Zhou.

**Terms**

1. (share* or disclos* or send* or sent* or provid*) w/15 ("AM Best" or "A.M. Best" or porcelli or wayne or kaminski or Jia*)

2. (harm* or damage* or breach* or default* or lose or lost) w/15 (downgr* or rating or "AM Best" or "A.M. Best")

3. (Harrier OR Nutmeg) w/15 valuation

And here are responses to some of the other points in Patrick's email:

King's availability: any day in June after June 10 aside from June 14.

Lundelius availability: note that Mr. Lundelius is available June 19-21, not June 16-19. We are determining where Mr. Lundelius will be on those dates and will revert when we know.

30(b)(6) topics: We plan to have revised 30(b)(6) topics to you early next week. Note that we do not anticipate any significant reductions of the topics we have already served.

Thanks,
Mark


**Mark Kelley**
MOLOLAMKEN
430 Park Avenue
New York, NY 10022
T:  (212) 607-8167
M: (602) 616-2532
www.mololamken.com

---

**From:** Steckman, Britt <britt.steckman@bracewell.com>
**Sent:** Saturday, June 1, 2024 10:25 AM
**To:** Kelley, Mark <mkelley@mololamken.com>; Maxwell, Rita <rita.maxwell@bracewell.com>; Morley, Patrick <patrick.morley@bracewell.com>
**Cc:** A-CAP ML <A-CAPML@mololamken.com>
**Subject:** RE: A.M. Best's Document Productions

Mark:

Regarding your first point, the information you seek is essentially a privilege log. We will provide a privilege log if Plaintiffs agree to provide one as well. We do not agree with your characterization of our statements on this week's call. Regardless, the parties can address any issues relating to assertions of privilege, if necessary, once the parties have exchanged privilege logs through the ordinary meet-and-confer process.

With respect to your second point, we will provide our search terms once we have your confirmation that you will provide Plaintiffs' proposed search terms. Discovery is a two-way street. You stated on Wednesday's call that you would provide them and still have not done so, three days later.

**BRITT STECKMAN**

Partner
britt.steckman@bracewell.com | download v-card
T: +1.202.828.5831 | F: +1.800.404.3970 | M: +1.703.405.7192

**BRACEWELL LLP**

2001 M Street NW, Suite 900 | Washington, D.C. | 20036-3310
bracewell.com  |  profile  |  LinkedIn  |  Twitter

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Kelley, Mark <mkelley@mololamken.com>
**Sent:** Friday, May 31, 2024 4:45 PM
**To:** Steckman, Britt <britt.steckman@bracewell.com>; Maxwell, Rita <rita.maxwell@bracewell.com>; Morley, Patrick <patrick.morley@bracewell.com>
**Cc:** A-CAP ML <A-CAPML@mololamken.com>
**Subject:** [EXTERNAL SENDER] A.M. Best's Document Productions

Britt,

Following up on our conversation about privilege logs:  We are still considering the most useful format.  We will get back to you and can meet and confer further on that point.

However, we need to raise two issues that, in light of the expedited schedule and the pace of A.M. Best's productions, we need to hear back from you on by noon tomorrow.  First, you represented on our call this week that Bracewell attorneys were copied on responsive A.M. Best emails about the rating review subsequent to Steven Molo's March 28 letter.  Notwithstanding that representation, A.M. Best has produced no internal communications with Bracewell.   Further, A.M. Best has produced several emails about the review process that have been redacted, even though counsel are not a party to those emails.

It appears that A.M. Best is withholding post-March 28 documents and communications about the substance of the review on privilege or work product grounds.  We believe such withholding would be inappropriate, both because communications about the review, by themselves, would not be privileged, and also because A.M. Best has put the substance of its review at issue.  We urge you to reconsider those privilege objections and agree to produce all documents and communications relating to the review.  Further, please identify (1) the number of documents and communications about the substance of the review which you are withholding on privilege or work product grounds, (2) the date range for those withheld documents (including, for work product claims, the date on which A.M. Best claims it anticipated litigation), and (3) the bases for withholding those documents.  Please let us know your position by noon tomorrow so that we can assess whether to seek relief from the Court.

Second, it appears so far that A.M. Best has not conducted a reasonable search for and production of relevant documents.  The productions contain fewer than 200 internal communications, and much of those are related to logistics such as scheduling, forwarding emails from A-CAP, and making minor edits to press releases.  Based on the emails that were produced and the email traffic, we would expect far more substantive emails covering the time period at issue in this litigation.  Moreover, there are significant gaps based on what A-CAP understands about the facts.  It is unclear whether these gaps and lack of produced emails are because of the privilege claims noted above or because of other deficiencies in A.M. Best's review.  By noon tomorrow, please provide us with a list of all custodians, search terms, and dates used in A.M. Best's search and review.

We're available to meet and confer.

Thanks,
Mark

**Mark Kelley**

MOLOLAMKEN

430 Park Avenue
New York, NY 10022
T:  (212) 607-8167
M: (602) 616-2532
www.mololamken.com

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.