# BRACEWELL

June 7, 2024

**BY ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Services, Inc.,*
      Civil Action No. 3:24-cv-05470-ZNQ-RLS

Your Honor:

On behalf of our client, Defendant A.M. Best Rating Services, Inc. ("AM Best"), we respond to Plaintiffs' June 5, 2024 motion for disclosure of AM Best's privileged communications with counsel in this case. Plaintiffs' hastily-filed motion fails to comply with Local Rule 37.1, makes factually unsupported claims, and misapplies the law. The motion is premised on the false statement that AM Best improperly copied its counsel on business communications in order to shield them from discovery. There is no basis for such an accusation, and AM Best's privilege log disproves it. For the reasons set forth below, AM Best respectfully requests that the Court deny Plaintiffs' motion.

## I.   Plaintiffs Failed to Meet and Confer Under Local Rule 37.1

Local Rule 37.1 requires counsel to confer to resolve any discovery dispute. Plaintiffs failed to do so. On Wednesday, May 29, counsel for the parties met and conferred to discuss separate discovery issues. AM Best's counsel raised the issue of privilege logs, indicating that AM Best would be willing to exchange privilege logs, but suggested possible alternatives given the expedited nature of the proceeding and the fact that both sides would have a high number of privileged communications following Plaintiffs' counsel's March 28th letter threatening litigation against AM Best. Plaintiffs' counsel seemed open to the concept of a more efficient procedure, such as categorical privilege designations or deferring privilege logs to a later date. While the parties did not commit to specific privilege procedures during that call, they agreed to continue the discussion.

Two days later, at 4:45 p.m. on Friday, May 31, Plaintiffs' counsel lodged factually unfounded claims and demanded that AM Best disclose the substance of its privileged legal communications with its client. The demand was premised on the false allegation that AM Best's counsel "represented on our call this week that Bracewell attorneys were copied on responsive A.M. Best emails about the rating review subsequent to [the March 28th letter]." Email from M. Kelley, Dkt. 54, Ex. A at 7. AM Best's counsel made no such representation or admission, and this characterization is notably different than the current false accusation that AM Best's Counsel "admitted" that "Defendant began copying counsel on emails about

**Rita K. Maxwell**
*Senior Counsel*

T: +1.212.508.6129     F: +1.800.404.3970
31 West 52nd Street, Suite 1900, New York, New York 10019-0019
rita.maxwell@bracewell.com     bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

BRACEWELL

The Honorable Zahid N. Quraishi
June 7, 2024
Page 2

the credit rating" after the March 28 letter. Plaintiffs' counsel went on to demand information tantamount to a privilege log. The email included a demand at *4:45 PM on a Friday* insisting on an answer *by noon the next day on a Saturday*, on threat of immediate weekend appeal to the Court. AM Best's counsel responded the following morning (Saturday), denied Plaintiffs' counsel's mischaracterization of the May 29 call and offered to provide a privilege log. *Id.* at 6. Not satisfied with that response, Plaintiffs' counsel demanded a further response that Saturday about the *substance* of AM Best's privileged communications with counsel. *Id.* at 5. Again, counsel did not ask whether AM Best had "copied counsel on emails about the credit rating," as Plaintiffs now argue.

Once again, despite the unreasonableness of the weekend demands and tenor of Plaintiffs' counsel's communications, AM Best's counsel replied on Saturday evening and indicated

> AM Best is withholding communications that were made for the purpose of obtaining or receiving legal advice, reflect legal advice, or contain the mental impressions of counsel prepared in anticipation of litigation. We will not provide further information on the content of privileged communications. . . We can easily provide a log of these documents on Monday or Tuesday and you can assess your position then.

*Id.* at 4. AM Best provided a log on Tuesday, June 4, as promised, and the log correctly described the nature of the documents withheld. *See, e.g.*, Dkt. 54 Ex. B, Entry 72 ("Confidential email chain for the purpose of obtaining and/or reflecting legal advice of counsel re: ACAP dispute and SEC compliance; reflects mental impressions of counsel prepared in anticipation of litigation.").

Plaintiffs did not contact AM Best's counsel regarding any alleged deficiencies in the log; indeed they did not engage with AM Best's counsel regarding that issue at all. Instead, they filed the motion the next morning, less than 14 hours after the log was served.[1] Plaintiffs never asked whether AM Best was withholding emails that merely "copied counsel" on business emails, choosing instead to make that false accusation for the first time in their motion to the Court.

A related problem with Plaintiffs' race to the courthouse is that they complain about the volume of documents produced by AM Best without acknowledging that discovery is ongoing. During a June 4 meet-and-confer call (during which Plaintiffs failed to raise any concerns regarding privilege), Plaintiffs' counsel asked whether AM Best's document production was complete, and AM Best noted that AM Best would soon produce additional documents. AM Best produced 129 additional documents on Wednesday, June 5, including substantive internal AM Best communications concerning the credit rating – none of which copied counsel, and none of which had been previously withheld.[2] Plaintiffs filed their motion before receiving this production, and therefore the numbers in the motion are now inaccurate.

---

[1] In their haste to file the motion, Plaintiffs violated the Confidentiality Order issued by Judge Singh and filed the log publicly despite AM Best's "Confidential" designation on the log itself and a specific designation in the service email.
[2] This production included Microsoft Teams chats; on June 1, AM Best's counsel informed Plaintiffs' counsel that there were technical issues extracting the Teams chats but that they would be produced as soon as possible. Email from B. Steckman, Dkt. 54, Ex. A at 4.

BRACEWELL

The Honorable Zahid N. Quraishi
June 7, 2024
Page 3

Under Rule 37.1, counsel are to meet and confer before bringing discovery disputes before the Court. Though we understand that this is an expedited matter, and the parties must move with expediency, Plaintiffs' counsel's disregard for the local rules (which include a duty of civility at Appendix R) warrants denial of the motion.

II. **Plaintiffs' Argument that AM Best Improperly Copied Counsel is Meritless**

Plaintiffs request an order that AM Best "produce all documents reflecting the substance of Defendant's rating analysis." Mot. at 2. Plaintiffs are entitled to receive non-privileged documents concerning the Credit Rating Action, and they have received the credit rating file and AM Best communications about the Credit Rating Action. But Plaintiffs' request encompasses privileged communications about the "substance" of the credit rating analysis, with no reasoning as to why disclosure is warranted or argument that privilege was somehow waived. Clients and counsel regularly engage in privileged communications discussing the "substance" of their disputes with counterparties. We know of no authority, and Plaintiffs cite none, that privileged communications lose their protection because they discuss the "substance" of the issues in dispute.

The claim that AM Best copied counsel on business emails in order to shield them from disclosure is simply false. Even a cursory review of the log, had Plaintiffs conducted one, would have demonstrated that this "copied in" argument is baseless. The log explained that the privileged emails related to the advice of counsel about the ACAP dispute and/or compliance with AM Best's SEC regulatory obligations. Of the 54 entries where AM Best's counsel is a party to the communication listed on the log:

- AM Best counsel sent 21, received 29 and was copied on *four* emails in the log;
- 44 entries involve four email chains, and for each chain, the earliest log entry is from AM Best counsel and AM Best counsel is an active participant;[3]
- 10 entries involve three email chains, and for each chain, the earliest log entry is from an individual at AM Best to AM Best counsel and in which AM Best counsel responds.[4]

There is zero basis for a "copied in" argument. *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 478 (E.D. Pa. 2005) ("Nowhere is it clear that a communication was primarily between non-attorney employees or that counsel was merely 'copied in.'").

The attorney-client privilege is deeply embedded in our jurisprudence. *United Jersey Bank v. Wolosoff*, 196 N.J. Super. 553, 561, 483 A.2d 821, 825 (App. Div. 1984); *Hedden v. Kean Univ.*, 434 N.J. Super. 1, 11, 82 A.3d 238, 244 (App. Div. 2013) ("[T]he confidentiality of communications between client and attorney constitutes an indispensable ingredient of our legal system."). Under New Jersey law,

---

[3] Those chains are (1) "Privileged and Confidential – ACAP," entries 1-8, 10-11, 14-15, 19-23, 30, and 32; (2) "Privileged and Confidential – A-Cap," entries 43, 47-48, 55-56, 59, 61-62, 64-65, 70, 78, and 82; (3) "A.M. Best," entries 49, 57, 66, 69, 72-73, 77, 79, and 81; and (4) "Privileged and confidential – call with A-Cap counsel," entries 54, 71, and 80.
[4] Those chains are (1) "A-Cap follow up," entries 52, 67-68, and 74; (2) "RE: A-Cap," entries 36-37, and 39; and (3) "A-Cap," entries 53, 63, and 75.

BRACEWELL

The Honorable Zahid N. Quraishi
June 7, 2024
Page 4

communications between lawyers and clients "in the course of that relationship and in professional confidence" are privileged and therefore protected from disclosure. N.J.S.A. 2A:84A–20(1); N.J.R.E. 504(1); *Hedden*, 434 N.J. Super. at 10, 82 A.3d at 244. "Where the privilege is applicable, 'it must be given as broad a scope as its rationale requires.'" *Id.* at 12, 245.

Under the federal work-product doctrine, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." *La. Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008) (citing Fed. R. Civ. P. 26(b)(3)). The doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661–62 (3d Cir.2003). "[T]he relevant inquiry is [first] 'whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Maertin v. Armstrong World Indus.*, 172 F.R.D. 143, 148 (D.N.J 1997). The second inquiry is whether the documents were prepared "primarily for the purpose of litigation." *La. Mun. Police Emps. Ret. Sys.*, 53 F.R.D. at 306. The documents Plaintiffs seek were prepared in reasonable anticipation of litigation, as they were prepared in response to Plaintiffs explicitly threatening litigation on March 28, and primarily for the purpose of the threatened litigation.

The communications on AM Best's privilege log are plainly privileged under both the New Jersey state law governing attorney-client privilege, and the federal rule governing the work-product doctrine at Fed. R. Civ. P. 26(b)(3).

### III. To the Extent Plaintiffs Seek Relief with Respect to Non-Lawyer Communications, Plaintiffs' Position is Unfounded

Though Plaintiffs note that there are withheld or redacted documents between non-lawyers, Plaintiffs make no serious argument that those communications should be produced beyond the arguments above.[5] This Court has upheld privilege assertions over documents that contain "communication between two non-attorneys" where they are an "[e]mail chain, seeking, implementing and providing legal advice." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12CV00787FLWLHG, 2017 WL 10259770, at *3 (D.N.J. Sept. 12, 2017), *report and recommendation adopted sub nom. Engage Healthcare Commc'ns, LLC. v. Intellisphere, LLC.*, No. CV 12-787 (FLW)(LHG), 2017 WL 10259774 (D.N.J. Nov. 21, 2017); *accord Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2021 WL 4237255 (D.N.J. Sept. 17, 2021). Most of these documents are redacted to remove only those communications that reflect privileged communications, and Plaintiffs have received the non-privileged communications in the documents. There are no grounds to order these documents produced, and to the extent Plaintiffs seek relief with respect to these documents, we respectfully request that the Court deny the request.

\*   \*   \*

---

[5] There are 29 non-attorney entries on the log: 9, 12, 13, 16-18, 24-29, 31, 33-35, 37, 40-42, 44-46, 50-51, 58, 60, 76, 83.

# BRACEWELL

The Honorable Zahid N. Quraishi
June 7, 2024
Page 5

      We respectfully request that Plaintiffs' motion be denied. We thank the Court for its attention to this matter.

Respectfully,

*[signature: Rita K. Maxwell]*

Rita K. Maxwell (NJ Attorney ID 043422010)
Britt Cass Steckman (*pro hac vice*)
Patrick J. Morley (*pro hac vice*)
**Counsel for Defendant**
***A.M. Best Rating Services, Inc.***

cc (via ECF):
    All Counsel of Record