

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

June 12, 2024

**VIA CM/ECF**
Hon. Rukhsanah L. Singh, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:     ***Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Servs., Inc.,***
        **Civ. A. No. 3:24-cv-05470 (ZNQ)(RLS)**

Dear Judge Singh:

        This firm, together with MoloLamken LLP, represents Plaintiffs.  We write in response to A.M. Best's June 10 discovery letter motion, DE No. 61 (the "Letter"), and pursuant to Your Honor's June 11 order, DE No. 62.  A.M. Best's motion seeks two categories of documents that are irrelevant in this case.  And A.M. Best's demands, if granted, would impose undue and disproportionate burdens on Plaintiffs.  The motion should be denied.

        **RFP 1: "All documents and communications concerning the Credit Rating Action."**

        A.M. Best is wrong to argue that Plaintiffs' internal communications about A.M. Best's decision to downgrade Plaintiffs' credit rating go to "the heart of this case."  Letter at 3.  This case is about whether ***A.M. Best's*** credit-rating action breached its contracts with Plaintiffs by violating its internal policies.  As a general matter, only A.M. Best's documents are relevant to that issue – Plaintiffs' "internal views" about the credit-rating action will not shed light on whether ***A.M. Best*** complied with the policies it promised to follow.  *Id.*  And A.M. Best provides no argument for the relevance of Plaintiffs' internal "view[s] of the parties' contractual obligations" – those documents are not relevant, either.  *Id.*; *see also Halper v. Halper*, 164 F.3d 830, 842 (3d Cir. 1999) (finding such views "not legally relevant").[1]

        A.M. Best's cited cases miss the mark.  Neither are about discovery for a preliminary injunction.  *In re Lincoln National COI Litigation* involved a discovery dispute about ***insurance policies***, not the kind of "policies" at issue here.  No. 16-6605, 2019 WL 5073573, at *3 (E.D. Pa. July 19, 2019).  And that court held that the ***defendant's*** communications – not the plaintiffs' – were relevant because the ***defendant*** allegedly breached the contract.  And in *In re Gateway*

---

[1] Plaintiffs have already agreed to produce documents regarding A.M. Best's other theories of relevance for this request.  *Compare* Letter at 3 (arguing that information supplied to AM Best, harm to Plaintiffs, and Plaintiffs' valuations of assets are relevant), *with* Letter Ex. A at 5, 15 (Plaintiffs agreeing to produce documents related to information supplied to A.M. Best, Plaintiffs' claim of irreparable harm, and valuations of assets); *see also* p. 3, *infra*.

Hon. Rukhsanah L. Singh, U.S.M.J.                                                    Page 2

*Engineers, Inc.*, the court ordered production of a non-party's internal communications when one of the parties alleged the manhole covers it manufactured were defective. No. 09-209, 2009 WL 3296625, at *4, 6 (W.D. Pa. Oct. 9, 2009). Here, unlike in *Gateway*, A.M. Best has not made a claim to which the documents it seeks are relevant.

A.M. Best's requests are also unduly burdensome and disproportionate to the needs of ***expedited*** discovery for a preliminary-injunction hearing in 16 days. Discovery for these hearings must be narrowly tailored. *Stepien v. Murphy*, No. 21-13271, 2021 WL 4932768, at *2 (D.N.J. Oct. 21, 2021). A.M. Best's first request flunks this standard – it would require Plaintiffs to review or re-review more than 4,500 documents while preparing for 7 depositions beginning this Friday.

A.M. Best's demands are particularly unreasonable given that Plaintiffs have engaged in a far more substantial review and production of documents than A.M. Best has. As the following chart shows, despite this case being about ***A.M. Best's*** actions, Plaintiffs have already reviewed and produced tens of thousands of pages more than A.M. Best:[2]

|                       | **A.M. Best's Production**               | **Plaintiffs' Production** |
|-----------------------|------------------------------------------|----------------------------|
| **Timeframe searched**| 11 weeks and 1 day                       | 22 weeks and 6 days        |
| **Custodians**        | 4 custodians                             | 5 custodians               |
| **Documents reviewed**| A.M. Best refuses to disclose[3]         | 14,096                     |
| **Documents produced**| 1098                                     | 4,044                      |
| **Emails produced**   | 373                                      | 841                        |
| **Pages produced**    | 5,676                                    | 78,550                     |

Any further production by Plaintiffs would be unduly burdensome and disproportionate.

**RFP 4: "All documents and communications regarding the assets mentioned in Paragraph 43 of the Declaration of Kenneth King dated May 1, 2024."**

A.M. Best also seeks Plaintiffs' documents and communications relating to two of its assets called "Harrier" and "Nutmeg." During the rating process, A.M. Best purported to value these assets using the information available to it at the time. A.M. Best now wants documents from Plaintiffs about these assets that it either did not ask for or could not have obtained during the rating process – including documents that ***post-date*** the rating action. Letter at 2. A.M. Best's theory of relevance is that it can use these proceedings to redo its rating of these assets as of the date of the preliminary-injunction hearing. *See* Letter at 2 & n.3 (arguing post-rating events might "show AM Best was correct in its assessment of these assets").[4]

_____

[2] A.M. Best's argument that there is no undue burden because Plaintiffs have already reviewed 13,000 documents is absurd. Letter at 4. That logic would punish parties for compromising and agreeing to produce documents and encourage gamesmanship. It should be rejected.

[3] A.M. Best refused to share its document review count, even after Plaintiffs shared theirs. *See* Letter Ex. A at 7 (A.M. Best stating "we have no obligation to provide you with our hit counts.").

[4] A.M. Best wrongly claims the relevance of these materials is undisputed. Letter at 4. Plaintiffs have always maintained that they are irrelevant. *See* Exhibit (Plaintiffs' Responses and Objections to A.M. Best's Requests for Production) at 9.

A.M. Best's post-hoc theory of relevance flouts both common sense and the law.  Events occurring after the rating have no bearing on whether the rating complied with A.M. Best's policies.  A.M. Best was necessarily limited to the information it had at the time it performed the rating.  When a contract party is required to do or not to do something based on its knowledge at a given time, information after that time is not relevant.  *See, e.g.*, *Nucap Indus., Inc. v. Robert Bosch LLC*, 15-02207, 2020 WL 13645291, at *6 (N.D. Ill. Aug. 23, 2020) (holding information available to defendant after breach of supply agreement had "no relevance"); *Nair v. Pfizer, Inc.*, No. 07–5203, 2009 WL 1635380, at *9 (D.N.J. June 10, 2009) (rejecting "post hoc rationale" for denying benefits on basis not considered at time of denial).

That theory of relevance also contradicts the parties' contract, which requires that A.M. Best's rating be "based on the information collected" during the rating process.  DE No. 1 Ex. A ¶ 4.  Tellingly, A.M. Best has refused to produce ***its own*** documents post-dating the credit-rating action.  *See* Letter Ex. A at 14 (A.M. Best search parameters ending on April 22, the date of the rating).  A.M. Best should not be permitted to conduct a fishing expedition for post-rating information with the hope of retroactively justifying its original faulty rating process.

Finally, this request is unnecessary, disproportionate to the expedited discovery needed for a preliminary injunction hearing, and unduly burdensome.  Plaintiffs have already produced a data room of over 1,800 documents relating to the value of their assets (including Harrier and Nutmeg) which included valuations, internal ledgers, and financial projections.  Plaintiffs then agreed to produce even more documents captured by a long string of search terms suggested by A.M. Best: (Nutmeg OR Harrier) w/15 (valuation OR profit* OR Loss* OR Revenue* OR Foreclose* OR Bankrupt*).  Letter Ex. A at 5.  A.M. Best has not identified any gaps in Plaintiffs' production.  And the burden imposed by A.M. Best's second request – which requires reviewing nearly 6,000 additional documents – is undue given the slim marginal value (if any) of additional documents on this issue, and is disproportionate to the needs of a preliminary injunction hearing.

*       *       *

Plaintiffs thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or require anything further.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

Enclosure

cc:       Honorable Zahid N. Quraishi, U.S.D.J.
          All counsel of record (via ECF & Email)

# EXHIBIT

Liza M. Walsh
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07102
Tel.: (973) 757-1100
lwalsh@walsh.law
jlinares@walsh.law

Steven F. Molo (admitted *pro hac vice*)
Justin Ellis (admitted *pro hac vice*)
Josh Bloom (admitted *pro hac vice*)
Mark Kelley (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com
jellis@mololamken.com
jbloom@mololamken.com
mkelley@mololamken.com

Jennifer Fischell (admitted *pro hac vice*)
Lois Ahn (admitted *pro hac vice*)*
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Tel.: (202) 556-2007
jfischell@mololamken.com
lahn@mololamken.com

*Admitted only in New York; practice limited to matters before federal courts and federal agencies*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY and SENTINEL SECURITY LIFE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>A.M. BEST RATING SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 24-cv-05470<br><br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiffs Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company ("Plaintiffs") serve the following Responses and Objections to Defendant A.M. Best Rating Services, Inc.'s ("A.M. Best") First Request for Production of Documents.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS AND GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each of the specific responses below, and the production of any documents in response to a Request shall not constitute a waiver of such objections.

1.      Plaintiffs are responding to each Request as they interpret and construe the Request with respect to the issues in this proceeding.  If Defendant asserts a different interpretation of any Request, Plaintiffs reserve the right to supplement or amend their responses or objections.

2.      Plaintiffs object to each Request to the extent the information sought is equally or more readily obtained through other means of discovery, is already in Defendant's possession, custody, or control, or is in the public domain.

3.      Plaintiffs object to each Request to the extent it seeks material protected by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.  In the event privileged or confidential information is disclosed or documents are produced, the disclosure or production, unless otherwise expressly stated to the contrary in writing at the time of disclosure or production, is inadvertent, shall not constitute a waiver of the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable privilege recognized by statute or case law, and the privileged or protected documents shall be returned to the Plaintiffs.  Plaintiffs reserve their right to retrieve and prevent the use of any privileged or protected document that was inadvertently produced.

1

4.      Plaintiffs object to each Request to the extent that it seeks information that is vexatious or unduly burdensome to obtain, or calls for information to be produced in a manner or form that is unduly burdensome.

5.      Plaintiffs object to each Request to the extent it seeks material subject to confidentiality agreements, confidentiality obligations, non-disclosure agreements, court orders, or protective orders.

6.      Plaintiffs object to each Request to the extent that it fails to allow reasonable time for compliance.  Plaintiffs will provide their responses and objections to the Requests and make its productions, if any, as appropriate given the circumstances of the litigation and upcoming preliminary injunction hearing.

7.      Plaintiffs object to each Request as unduly burdensome given the date at which they were first served given the expedited schedule in this case.

8.      No incidental or implied admissions are intended by these objections and responses. The fact that Plaintiffs have objected and/or responded to any Request for production should not be taken as an admission that Plaintiffs accept or admit the existence of any fact set forth or assumed by such Request.

9.      To the extent Plaintiffs agree to produce documents responsive to any Request, Plaintiffs are not stating, agreeing, admitting, or representing that they are producing all such documents, that any such documents in fact exist or that, if such documents do exist, they are within Plaintiffs' possession, custody, or control.  Neither an objection nor a lack of objection to a Request means that responsive documents or information exist.

10.      Plaintiffs reserve the right to object to the admissibility or relevance of any portion of the documents or information produced or stated in response to a Request.

2

11.     Plaintiffs object to the definition of "You," "Your," and "A-CAP Insurers" as ambiguous, overbroad, unduly burdensome, and calling for information not relevant to any party's claim or defense at issue in Plaintiffs' motion for a preliminary injunction.  Plaintiffs further object to the extent that this definition calls for Plaintiffs to collect, review, or produce documents solely in the possession of its counsel.  Plaintiffs will construe the term "You," "Your," and the "A-CAP Insurers" to mean the Plaintiffs.

12.     Plaintiffs object to Instruction 3 to the extent it requires Plaintiffs to format their production in a manner that imposes a greater obligation than under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of New Jersey. Plaintiffs will comply with those rules.

13.     Plaintiffs object to Instruction 4 because it requires Plaintiffs to identify and provide information concerning documents that no longer exist or are not in their possession, custody and control, and thus imposes a greater obligation than under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of New Jersey.  Plaintiffs will comply with those rules.

14.     Plaintiffs object to Instruction 5 concerning the production of documents in their entirety because it imposes an obligation beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of New Jersey. Plaintiffs will comply with those rules and reserve the right to produce documents with abbreviation, redaction, or expurgation.  Further, Plaintiffs object to Instruction 5 to the extent it calls for producing documents in their entirety which might otherwise be redacted for privilege.

15.     Plaintiffs object to Instruction 6 to the extent it purports to impose obligations upon them in excess of, or inconsistent with, the obligations imposed by the Federal Rules of Civil

3

Procedure or the Local Rules of the United States District Court for the District of New Jersey. Plaintiffs will produce a privilege log that complies with those rules.  Plaintiffs are available to meet and confer about the appropriate format of privilege logs.

16.    Plaintiffs object to Instruction 8 because it purports to require compliance with a protocol that has neither been agreed to nor entered by the Court.  Plaintiffs are available to meet and confer regarding a protocol for the format of productions of electronically stored information.

17.    Plaintiffs object to Instruction 10 because it seeks documents for periods that pre-date and post-date the Credit Rating Action and are not otherwise relevant to any claim or defense. For example, materials most-dating the filing of the Complaint on April 23, 2024 are unlikely to be relevant to any claim or defense.  Plaintiffs are available to meet and confer regarding a reasonable date range for productions of responsive materials.

18.    These Responses and Objections reflect Plaintiffs' present knowledge, information, and belief, and Plaintiffs reserve the right to supplement these Responses and Objections as necessary.  Plaintiffs reserve the right to make any use of, or to introduce at any hearing and at trial, information or documents that are responsive to these Requests, but discovered after Plaintiffs' service of these Responses and Objections, including, but not limited to, any information or documents obtained in discovery.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All documents and communications concerning the Credit Rating Action.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiffs object to this Request because it seeks materials that are not relevant to the parties' claims or defenses at issue in Plaintiffs' motion for a preliminary injunction. For example, Plaintiffs' documents and communications concerning the Credit Rating Action are not relevant to whether A.M. Best complied with its policies, procedures, or practices in connection with the Credit Rating Action.

Plaintiffs object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the preliminary injunction hearing. To the extent the Request seeks relevant materials, the Request can be narrowed to substantially reduce the burden of reviewing responsive materials without prejudicing Defendant.

Plaintiffs object to this Request because it seeks immaterial information and the burden of searching for and reviewing responsive materials outweighs the likely benefit of the discovery.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs responds as follows:

Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 2:**

All documents and communications concerning the recapture of risk and/or business from 777 Re, including, but not limited to, the ACAP Insurers' recapture plan described in Paragraph 31 of the Declaration of Kenneth King, dated May 1, 2024, and new reinsurance agreements the ACAP Insurers entered into as a part of the ACAP Insurers' recapture plan.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiffs object to this Request because it seeks materials that are not relevant to the parties' claims or defenses at issue in Plaintiff's motion for a preliminary injunction. Plaintiffs' internal communications concerning the recapture plan, or any reinsurance agreements entered into as part of the plan, are not relevant to whether A.M. Best complied with its policies, procedures, or practices in connection with the Credit Rating Action. Further, Plaintiffs' internal communications concerning the recapture plan are not relevant to paragraph 31 of the King Declaration, which only responds to assertions made by Michael Porcelli about A.M. Best's communications with the A-CAP Insurers about the recapture plan.

Plaintiffs object to this Request to the extent that it seeks information that is in the public domain, in A.M. Best's possession, custody, or control, or equally available to A.M. Best on the basis that it is equally convenient for A.M. Best to compile or obtain such material. Paragraph 31 of the King Declaration notes that Plaintiffs have already shared their recapture and replacement plan with A.M. Best and that A.M. Best already possesses communications regarding the same.

Plaintiffs object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the preliminary injunction hearing because it seeks "[a]ll documents and communications" regardless of whether those documents and communications relate to a claim or defense in this case. For example, the Request would capture any communication simply referencing a reinsurer that might be a potential partner in a hypothetical recapture plan whether or not such reinsurer was ever contacted as part of the recapture plan.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common-

interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs responds as follows:

Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 3:**

Documents sufficient to show the ACAP entities' and Mr. King's lending relationship with 777 Partners, as referenced in Paragraph 18 of the Declaration of Kenneth King, dated May 1, 2024.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiffs object to this Request as vague and ambiguous.  The Request refers to Paragraph 18 of the May 1, 2024 Declaration of Kenneth King, which refers to the April 29, 2024 Declaration of Michael Porcelli, which refers to unspecified loans between "ACAP," Mr. King, and 777 Partners.  Further, Plaintiffs object to the undefined term "ACAP entities" as vague and ambiguous.  Plaintiffs will construe this document request to call for documents sufficient to show loans between Mr. King or affiliates of the Plaintiffs, on the one hand, and 777 Partners, on the other hand.

Plaintiffs object to this Request because it seeks materials that are not relevant to the parties' claims or defenses at issue in Plaintiffs' motion for a preliminary injunction.  A.M. Best already possesses the information it relied on to reach conclusions in the Credit Rating Action about the relationship between 777 Re and Plaintiffs.  Further, Paragraph 81 of the King

Declaration only responds to Michael Porcelli's assertions about the credit rating implications of the lending relationship between non-party A-CAP entities and 777 Re.

Plaintiffs object to this Request because it seeks information that is in the public domain, in A.M. Best's possession, custody, or control, or equally available to A.M. Best on the basis that it is equally convenient for A.M. Best to compile or obtain such material.  The Request refers to Mr. Porcelli's assertions about the rating implications of a lending relationship already described in the Porcelli Declaration, and thus only requests information within Defendant's possession.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs responds as follows:

Plaintiffs are willing to meet and confer regarding this Request.

## REQUEST NO. 4:

All documents and communications regarding the assets mentioned in Paragraph 43 of the Declaration of Kenneth King dated May 1, 2024.

## RESPONSE TO REQUEST NO. 4:

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiff objects to this Request as vague and ambiguous.  Specifically, it is unclear what Defendant means by "the assets mentioned in Paragraph 43" of the King Declaration.  Plaintiffs interpret that phrase as referring to Mr. King's discussion of the Nutmeg and Harrier assets.

Plaintiffs object to this Request because it seeks information that is in the public domain, in A.M. Best's possession, custody, or control, or equally available to Plaintiff on the basis that it is equally convenient for Plaintiff to compile or obtain such material.

Plaintiffs object to this Request because it seeks materials that are not relevant to the parties' claims or defenses at issue in Plaintiff's motion for a preliminary injunction.  A.M. Best already possesses the information it relied on to reach conclusions in the Credit Rating Action about the Nutmeg and Harrier assets, including all information already described in paragraph 43 of the King Declaration.  Plaintiffs' internal documents or communications concerning the Nutmeg and Harrier assets are not relevant to whether A.M. Best complied with its policies, procedures, or practices in connection with the Credit Rating Action based upon the information provided to or collected by A.M. Best about those assets.

Plaintiffs further objects to this Request as duplicative and unreasonably cumulative of other Requests, including Requests No. 1 and 2.

Plaintiffs object to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regardless of whether those documents and communications relate to a claim or defense in this case.  For example, documents and communications regarding logistical or operational aspects of the football clubs in the Nutmeg portfolio are not relevant to the claims at issue in this Action.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs responds as follows:

Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 5:**

Documents sufficient to show Your counterparty relationships that You contend will be impacted by the Credit Rating Action. (See Verified Complaint ¶¶ 61-63.)

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs responds as follows:

Plaintiffs will, after a reasonable search, produce non-privileged, responsive documents sufficient to show the counterparty relationships Plaintiffs contend will be impacted by the Credit Rating Action.

**REQUEST NO. 6:**

All documents and communications regarding Charles Lundelius' (i) compensation for his study or testimony, including invoices with timekeeper billing rates and total monetary amount of each timekeeper's billings; (ii) communications with the ACAP Insurers' attorneys that identify facts or data that the ACAP Insurers' attorneys provided and that Mr. Lundelius considered in forming the opinions to be expressed; and/or (iii) communications with the ACAP Insurers'

attorneys that identify assumptions that the ACAP Insurers' provided and that Mr. Lundelius relied on in forming the opinions to be expressed.

**<u>RESPONSE TO REQUEST NO. 6:</u>**

Plaintiffs adopt and incorporate their General Objections into this Response.

Plaintiffs object to this Request because it seeks documents or communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, any other applicable law, privilege, or protection, or any other basis for exempting material from discovery.

Plaintiffs object to this Request to the extent it purports to impose obligations upon them in excess of, or inconsistent with, the obligations imposed by Federal Rule of Civil Procedure 26(a)(2).

Plaintiffs object to this Request to the extent it calls for information already within Defendant's possession and/or already contained in the Confidential Declaration of Charles R. Lundelius, Jr., dated May 1, 2024.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs respond as follows:

Plaintiffs will produce all documents provided by Plaintiffs to Mr. Lundelius containing facts or data which Mr. Lundelius considered in forming his opinion in this case.  Plaintiffs will not produce communications between counsel and Mr. Lundelius.  Plaintiffs are willing to meet and confer regarding this Request.

Dated: May 28, 2024

/s/ Justin Ellis
Liza M. Walsh
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.: (973) 757-1100
lwalsh@walsh.law
jlinares@walsh.law

Steven F. Molo (admitted *pro hac vice*)
Justin Ellis (admitted *pro hac vice*)
Josh Bloom (admitted *pro hac vice*)
Mark Kelley (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
smolo@mololamken.com
jellis@mololamken.com
jbloom@mololamken.com
mkelley@mololamken.com

Jennifer Fischell (admitted *pro hac vice*)
Lois Ahn (admitted *pro hac vice*)*
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 556-2007
jfischell@mololamken.com
lahn@mololamken.com

*Admitted only in New York; practice limited to matters before federal courts and federal agencies*

*Attorneys for Plaintiffs*

12