UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**RUKHSANAH L. SINGH**<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER BLDG. &<br>U.S. COURTHOUSE<br>402 E. STATE STREET<br>TRENTON, NJ 08608<br>(609) 989-0502 |

June 13, 2024

### LETTER ORDER

Re:   ***ATLANTIC COAST LIFE INSURANCE COMPANY, et al. v. A.M. BEST RATING SERVICES, INC.***
       **Civil Action No. 24-5470 (ZNQ) (RLS)**

Dear Counsel:

Currently pending before the Court is an informal application by Defendant A.M. Best Rating Services, Inc. ("AM Best"), seeking to compel Plaintiffs Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company (collectively, "Plaintiffs") to produce documents and communications in response to its Requests for Production ("RFP") Numbered 1 and 4 in advance of a hearing on the pending Motion for Preliminary Injunction that is scheduled for June 28, 2024. (Doc. No. 61). Plaintiffs oppose the request. (Doc. No. 66). Having fully reviewed the parties' submissions without oral argument pursuant to Local Civil Rule 37.1, the Court **DENIES IN PART and GRANTS IN PART** the request for the reasons stated below.

AM Best seeks to compel documents responsive to its RFP No. 1, which seeks "[a]ll documents and communications concerning the Credit Rating Action[,]"[1] subject to AM Best's proposed search terms and date range. (Doc. No. 61 at pp. 1, 4). AM Best contends, however, that such documents are relevant to challenging Plaintiffs' allegations that AM Best breached its obligations and processes. (*See* Doc. No. 61 at p. 3). Plaintiffs have agreed to produce some

---

[1] Defendant defines in its RFPs "Credit Rating Action" as "AM Best's proposed downgrade to the A-CAP Insurers' Financial Strength Rating from B++ (Good) to B- (Fair), including Appeal." (Doc. No. 61-2 at p. 4, ¶ 15).

1

documents in response to this Request. However, they have objected to producing certain internal responsive documents as to AM Best's credit rating decision and contractual obligations, contending they are not relevant, unduly burdensome, and disproportionate to the needs of the current expedited proceedings. (Doc. No. 66 at pp. 1-2). Plaintiffs contend that granting AM Best's request would require that they "review or re-review more than 4,500 documents while preparing for 7 depositions beginning this Friday." (Doc. No. 66 at p. 2).

AM Best also seeks to compel documents responsive to its RFP No. 4, which seeks "[a]ll documents and communications regarding the assets mentioned in Paragraph 43 of the Declaration of Kenneth King dated May 1, 2024[,]" subject to AM Best's proposed search terms and date range. (Doc. No. 61 at pp. 1, 4). More specifically, AM Best seeks documents relating to the assets referred to as "Nutmeg" and "Harrier" in the King Declaration Plaintiffs submitted in connection with its Motion for a Preliminary Injunction. (Doc. No. 61 at p. 2). AM Best contends these assets are relevant to Plaintiffs' claim that AM Best undervalued these assets and adds that public information reports the assets as "under great stress[.]" (Doc. No. 61 at p. 2). Plaintiffs object to the Request, contending it sought information that is not relevant, would pose an undue burden, and is not proportional to the needs of the case. (Doc. No. 66 at pp. 2-3). Plaintiffs further object to the Request to the extent AM Best seeks responsive documents post-dating the contested April 22, 2024 credit rating decision. It appears that, through meet and confers, Plaintiffs offered their own search terms for the time period of March 1 to April 22, 2024 that Defendant rejected as being too narrowly drawn. (Doc. No. 66 at p. 3, and No. 61-1 at ECF p. 6).

As counsel is aware, parties may seek discovery regarding any nonprivileged matter that is relevant to a claim or defense and that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, and the party seeking the discovery

bears the burden of showing that the information sought is relevant. Fed. R. Civ. P. 26(b)(1); *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). In addition, when proceeding with discovery on an expedited basis before the parties confer as required by Rule 26(f) of the Federal Rules of Civil Procedure, the requests should be focused and narrowly tailored to the needs of the preliminary injunction hearing. *Stepien v. Murphy*, No. 21-13271, 2021 WL 4932768, at *2 (D.N.J. Oct. 21, 2021). The resolution of this dispute lies within the Court's sound discretion. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

The Court has considered the parties' arguments in the context of the expedited discovery proceeding in connection with the pending Motion for Preliminary Injunction and has reviewed the submissions filed on that Motion as well as the Verified Complaint. As to RFP No. 1, the Credit Rating Action is indeed "the heart of this case." (Doc. No. 61 at p. 3). While AM Best's documents are undoubtedly relevant to the issue of whether it breached its agreements with Plaintiffs, Plaintiffs have placed at issue through its Verified Complaint and Motion the parties' relationship and course of dealing. As such, Plaintiffs' documents beyond those relating to the information provided to AM Best, harm by the Credit Rating Action, and valuation of assets are relevant to the issues presented at the upcoming hearing on Motion for a Preliminary Injunction. The Court is persuaded that, with application of AM Best's proposed search terms and date range limitations, this RFP is relevant, proportional, and sufficiently tailored to the needs of this case at this preliminary-injunction stage. While Plaintiffs may need to "review or re-review more than

3

4,500 documents" in such a short time frame and with depositions proceeding, such burden is not undue or disproportionate in light of the extraordinary relief and issues raised through the Motion for a Preliminary Injunction. In addition, the mere fact that Plaintiffs have produced more documents than AM Best to date does not move the needle as to determining whether the sought-after documents are relevant, proportional, and narrowly tailored to the needs of this case and the upcoming hearing. Accordingly, the Court GRANTS AM Best's request to compel the production of additional documents responsive to this RFP, subject to its search terms and date range.

As to RFP No. 4, Plaintiffs appear to have agreed to produce some documents responsive to this Request, but object to AM Best's proposed search terms. As to this issue, the Court finds Plaintiffs' search terms within the time period of March 1 to April 22, 2024 are sufficiently tailored to the needs of the upcoming preliminary hearing. Plaintiffs shall produce responsive documents based on those terms and limitation. Accordingly, at this preliminary-injunction stage, the Court DENIES AM Best's request to compel the production of additional documents responsive to this RFP based on AM Best's proposed search terms and time period.

Therefore, for the foregoing reasons, and good cause shown,

**IT IS** on this **13th** day of **June 2024** hereby

**ORDERED** that AM Best's informal discovery dispute (Doc. No. 61) is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

RUKHSANAH L. SINGH
**United States Magistrate Judge**