UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHAMBERS OF
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER BLDG. &
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NJ 08608
(609) 989-0502

June 14, 2024

## LETTER ORDER

Re:   *ATLANTIC COAST LIFE INSURANCE COMPANY, et al. v. A.M. BEST RATING SERVICES, INC.*
      Civil Action No. 24-5470 (ZNQ) (RLS)

Dear Counsel:

Currently pending before the Court is an informal dispute between the parties as to Topic Number 8 in the Rule 30(b)(6) deposition notice to Defendant A.M. Best Rating Services, Inc. ("AM Best") served by Plaintiffs Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company (collectively, "Plaintiffs"). (Doc. No. 65). As the parties are aware, the deposition relates to the pending Motion for Preliminary Injunction that is scheduled for a hearing on June 28, 2024. Plaintiffs seek to compel AM Best to designate a witness to testify as to this Topic, to which AM Best objects. Having fully reviewed the parties' submissions without oral argument pursuant to Local Civil Rule 37.1, the Court **GRANTS** Plaintiffs' request to compel AM Best to designate and prepare a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure as to Topic Number 8.

Through its Rule 30(b)(6) deposition notice, Plaintiffs seek AM Best to designate a witness to testify, in relevant part, as to AM Best's income derived from its rating services for the past three years. (*See* Doc. No. 65 at pp. 1-2). Plaintiffs argue that such information is relevant to AM Best's assertion of the First Amendment raised in opposition to the Motion for a Preliminary Injunction. Plaintiffs contend that, to fully challenge AM Best's argument that its credit rating

opinion is protected by the First Amendment, they need to challenge whether AM Best's rating is "commercial" speech, which in turn depends on AM Best's economic motivations. (*See* Doc. No. 65 at p. 2). AM Best objects to the Topic on the basis that it seeks testimony not relevant to the needs of the Preliminary Injunction proceedings. It argues that the mere fact that it earns income on the ratings does not convert the ratings to "commercial" speech under the First Amendment. (*See* Doc. No. 65 at p. 4). AM Best adds that it would stipulate that it earns income from the ratings, while Plaintiffs contend that such stipulation would be insufficient to fully test the economics behind AM Best's speech.

A party may seek the testimony of discoverable matter from a corporate entity through Rule 30(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6); *see also* Fed. R. Civ. P. 26(b)(1); *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011) (recognizing that Rule 26(b) governs the scope of testimony from a Rule 30(b)(6) deposition). Discoverable matter includes any nonprivileged information that is relevant to a claim or defense and that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, and the party seeking the discovery bears the burden of showing that the information sought is relevant. Fed. R. Civ. P. 26(b)(1); *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). In addition, when proceeding with discovery on an expedited basis before the parties confer as required by Rule 26(f) of the Federal Rules of Civil Procedure, the requests should be focused and narrowly tailored to the needs of the preliminary injunction hearing. *Stepien v. Murphy*, No. 21-13271, 2021 WL 4932768, at *2 (D.N.J. Oct. 21, 2021). The resolution of this dispute lies within the Court's sound discretion. *See*

*Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

The Court has considered the parties' arguments in the context of the expedited discovery proceeding in connection with the pending Motion for Preliminary Injunction and has reviewed the submissions filed on that Motion as well as the Verified Complaint. Upon such review, the Court finds that Topic Number 8 of the Rule 30(b)(6) Deposition Notice is relevant and tailored to the needs of the upcoming preliminary injunction hearing. In opposing the Motion for a Preliminary Injunction, AM Best argues, in relevant part, that its ratings are protected speech under the First Amendment because it is a "publisher." (*See* Doc. No. 16 at pp. 13-18; Doc. No. 44 at pp. 13-18). In reply, Plaintiffs contend that the First Amendment does not extend to the level of protection AM Best seeks because its ratings are "commercial" speech made for the purpose of generating profit. (*See* Doc. No. 21 at pp. 8-11; Doc. No. 42 at pp. 8-11). What's been placed at issue, then, is whether the ratings are protected speech or not.

To determine if speech is "commercial," the Third Circuit has considered three factors, one of which includes the speaker's "economic motivation" for the speech. *See Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1017 (3d Cir. 2008) (quoting *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 933 (3d Cir. 1990)). Economic motivation may be derived from a review of financial interests and revenues generated from the speech. *See, e.g., id.* at 1017 and n.7 (noting the quantum of generated royalties had been redacted but testimony revealed that the company would make "more money" by selling more copies of the challenged speech). Accordingly, the Court finds Topic Number 8 seeks relevant testimony sufficiently tailored to the upcoming preliminary injunction hearing. Therefore, at this preliminary-injunction stage, the

3

Court GRANTS Plaintiffs' request to compel AM Best to designate and prepare a witness pursuant to Rule 30(b)(6) on Topic Number 8 of the Deposition Notice to AM Best.

Therefore, for the foregoing reasons, and good cause shown,

**IT IS** on this **14th** day of **June 2024** hereby

**ORDERED** that Plaintiffs' informal discovery dispute (Doc. No. 65) is **GRANTED**.

**SO ORDERED.**

*[signature]*
**RUKHSANAH L. SINGH**
**United States Magistrate Judge**