UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHAMBERS OF
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER BLDG. &
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NJ 08608
(609) 989-0502

June 17, 2024

## LETTER ORDER

Re: *ATLANTIC COAST LIFE INSURANCE COMPANY, et al. v. A.M. BEST RATING SERVICES, INC.*
Civil Action No. 24-5470 (ZNQ) (RLS)

Dear Counsel:

Currently pending before the Court is an informal dispute raised by Plaintiffs Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company (collectively, "Plaintiffs") in connection with expedited discovery related to the pending Motion for Preliminary Injunction that is scheduled for a hearing on June 28, 2024. Plaintiffs challenge the assertion of the attorney-client privilege and/or work product doctrine by Defendant A.M. Best Rating Services, Inc. ("AM Best") as to certain documents and communications. (*See* Doc. Nos. 54, 59). On June 11, 2024, the Court ordered AM Best to provide, on an *ex parte* basis, the challenged documents for the Court's *in camera* review. (Doc. No. 63). By the Court ordered deadline of June 13, 2024, AM Best provided the Court the challenged documents, together with an updated privilege log served after the parties raised the dispute with the Court in their respective June 5 and 7, 2024 letters. The Court has fully reviewed the parties' respective letters, AM Best's updated privilege log, as well as the challenged documents *in camera*. The Court considers the dispute without oral argument pursuant to Local Civil Rule 37.1. Having fully considered the respective arguments together with the *in camera* review, the Court **DENIES** Plaintiffs' request to compel AM Best to produce the challenged documents.

1

The parties are well aware of the background and procedural history of this matter and thus the Court does not recite it here. In the context of the expedited discovery related to the pending Motion for a Preliminary Injunction, AM Best currently withholds a total of 82 documents, some of which have been produced in redacted format.[1] AM Best asserts as to all of the documents the attorney-client privilege and as to all but three of the documents the work product doctrine. Plaintiffs challenge these designations, contending that AM Best cannot withhold substantive communications about the rating action at issue simply because an attorney is copied on a correspondence, and the attorney-client privilege cannot extend to communications between non-attorneys. (*See* Doc. No. 54). Plaintiffs further argue that the work product protection would apply only to documents and communications prepared because of anticipated litigation, not as to documents that would exist without litigation. (*See* Doc. No. 54). AM Best opposes Plaintiffs' request to compel, contending that they failed to fully meet and confer and, moreover, its assertion of the attorney-client privilege and work product doctrine are appropriate. (*See* Doc. No. 59). More specifically, AM Best claims that the challenged documents reflect attorney-client communications, advice of counsel, and/or the implementation of advice of counsel. (*See* Doc. No. 59).

Discoverable matter includes any *nonprivileged* information that is relevant to a claim or defense and that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, and the party seeking the discovery bears the burden of showing that the information sought is relevant. Fed. R. Civ. P. 26(b)(1); *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). A party withholding information or documents on the

---

[1] In the updated privilege log, AM Best lists a total of 84 documents. However, it appears as if AM Best has produced 2 of the listed documents.

basis of a privilege must expressly assert the claim and describe the basis for so withholding the information or documents. Fed. R. Civ. P. 26(b)(5).

In cases, like this one, that are brought pursuant to diversity jurisdiction, (*see* Doc. No. 1 at ¶ 13), the Court applies state law as to questions of the attorney-client privilege. *See* Fed. R. Evid. 501; *Formosa Plastics Corp., U.S.A. v. Ace Am. Ins. Co.*, Civ. No. 20-14338, 2023 WL 8446228, at *4 n.5 (D.N.J. June 8, 2023). New Jersey has codified its attorney-client privilege to protect "communications made in confidence, between a lawyer and a client in the course of a professional relationship." *Formosa Plastics*, 2023 WL 8446228, at *5 (citing *Hedden v. Kean Univ.*, 434 N.J. Super. 1, 10 (App. Div. 2013)); *see also* N.J.S.A. 2A:84A-20; N.J.R.E. 504. For the privilege to attach, there must be a communication, made in confidence, between an attorney acting as a legal advisor and a client, for the purpose of seeking legal advice. *See Hedden*, 434 N.J. Super. at 10. The privilege may also extend to third parties where necessary for the legal representation. *See O'Boyle v. Borough of Longport*, 218 N.J. 168, 185 (N.J. Sup. Ct. 2014). The privilege further extends to communications exchanged between non-attorneys that reflect advice of counsel or communications made for the purpose of seeking legal advice. *See Engage Healthcare Comm'cs, LLC v. Intellisphere, LLC*, No. 12-787, 2017 WL 10259770, at *3 (D.N.J. Sept. 12, 2017) (Report and Recommendation), *adopted by*, 2017 WL 10259774 (D.N.J. Nov. 21, 2017); *accord Jorjani v. New Jersey Inst. of Tech.*, No. 18-11693, 2021 WL 4237255, at *3-4 (D.N.J. Sept. 17, 2021).

The attorney-client privilege, while not absolute, ultimately serves to promote frank communications between attorneys and their clients. *Hedden*, 434 N.J. Super. at 10; *see also O'Boyle*, 218 N.J. at 186 (recognizing where the "privilege must yield"). Nevertheless, the party invoking the privilege bears the burden of proving it applies to each communication. *Horon*

*Holding Corp. v. McKenzie*, 341 N.J. Super. 117, 125 (App. Div. 2001).

The work product doctrine is "'distinct and broader than the attorney-client privilege.'" *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). The doctrine protects from disclosure those documents and "materials [that are] prepared or collected by an attorney 'in the course of preparation for possible litigation.'" *In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979) (quoting *Hickman v. Taylor*, 329 U.S. 495, 505 (1947)); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]"). Generally, there are two types of work product: (1) opinion work product, which includes counsel's mental impressions, conclusions, opinions or legal theories and is afforded "almost absolute protection from discovery[,]" *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985); and (2) factual (or "ordinary") work product, which contains the factual basis for a lawsuit, devoid of counsel opinion or mental impressions and is discoverable upon a showing that the party seeking discovery "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also in re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003); *Sporck*, 759 F.2d at 316.

The resolution of this dispute lies within the Court's sound discretion. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

Here, AM Best contends that the attorney-client privilege and/or the work product protects the withheld material in the challenged documents. The Court agrees. A review *in camera* of the

challenged documents reflect communications made for the purpose of seeking legal advice and/or the reflection of legal advice as well as communications reflecting the opinions of counsel as to the litigation at issue. Despite Plaintiffs' suspicions otherwise, the type of information withheld is properly within the scope of the attorney-client privilege and, in many instances, within the work product doctrine. The withheld information does not reflect matters otherwise discoverable as outside the scope of legal advice or basic factual matter as to the rating action at issue. Accordingly, AM Best has satisfied its burden of showing the attorney-client privilege and/or work product doctrine protects the challenged documents from disclosure at this time. Therefore, the Court DENIES Plaintiffs' request to compel AM Best to produce the challenged documents.

For the foregoing reasons, and good cause shown,

**IT IS** on this **17th** day of **June 2024** hereby

**ORDERED** that Plaintiffs' informal discovery dispute (Doc. No. 54) is **DENIED**.

**SO ORDERED**.

**RUKHSANAH L. SINGH**
**United States Magistrate Judge**