# BRACEWELL

June 24, 2024

**BY ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:   *Atlantic Coast Life Ins. Co., et al. v. A.M. Best Rating Services, Inc.*,
>          Civil Action No. 3:24-cv-05470-ZNQ-RLS

Dear Judge Quraishi:

On behalf of our client, Defendant A.M. Best Rating Services, Inc. ("AM Best"), and pursuant to Your Honor's Judicial Preferences, we respectfully request a Pre-Motion Conference regarding AM Best's anticipated motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs' Complaint should be dismissed for three primary reasons: (1) Plaintiffs have failed to allege "actual malice" necessary to overcome AM Best's First Amendment protections; (2) Plaintiffs have failed to allege any contractual provisions that AM Best has breached; and (3) Plaintiffs have failed to allege any damages flowing from AM Best's alleged breaches.

   **1.   AM Best is Entitled to First Amendment Protection; Plaintiffs Fail to Allege Actual Malice**

"Great protection is afforded by the First Amendment to the press's freedom to publish information relating to matters of public concern." *Cnty. Sec. Agency v. Ohio Dep't of Com.*, 296 F.3d 477, 486 (6th Cir. 2002). Rating agencies are publishers and their credit ratings are statements of opinion entitled to full First Amendment protection. *See, e.g.*, *Compuware Corp. v. Moody's Invs. Servs., Inc.*, 499 F.3d 520, 522, 529 (6th Cir. 2007) ("Moody's is a financial publisher . . . [and its] rating is a predictive opinion of a company's future creditworthiness."). "It is well-established that under typical circumstances, the First Amendment protects rating agencies, subject to an 'actual malice' exception, from liability arising out of their issuance of ratings and reports because their ratings are considered matters of public concern." *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 175 (S.D.N.Y. 2009). Additionally, "[w]here the commercial and noncommercial elements of speech are inextricably intertwined, the court must apply the test for fully protected expression." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 193 F.3d 781, 793 (3d Cir. 1999) (cleaned up).

First Amendment protections and the actual malice standard apply to breach of contract actions. *See Compuware Corp.*, 499 F.3d at 531 ("We conclude that the actual-malice standard applies to the

**Rita K. Maxwell**
*Senior Counsel*

T: +1.212.508.6129          F: +1.800.404.3970
31 West 52nd Street, Suite 1900, New York, New York 10019-0019
rita.maxwell@bracewell.com          bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

The Honorable Zahid N. Quraishi
June 24, 2024
Page 2

breach of contract claim here."); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 811 (S.D. Tex. 2005); *Cnty. of Orange v. McGraw-Hill Companies, Inc.*, 245 B.R. 151, 156-57 (C.D. Cal. 1999). Accordingly, a plaintiff must allege actual malice in order to state a claim for breach of contract. *See Neuwirth v. State*, 476 N.J.Super. 377, 393-94 (N.J. App. 2023) (reversing denial of motion to dismiss due to plaintiff failing to adequately allege actual malice); *see also Pace v. Baker-White*, 850 Fed. Appx. 827, 831-32 (3d Cir. 2021).

AM Best is a publisher entitled to First Amendment protection. Thus, Plaintiffs are required to plead "actual malice" in order to adequately plead their breach of contract claims. Plaintiffs have failed to allege a single fact evidencing that Defendant acted with "actual malice" in the formulation of Plaintiffs' new credit rating. Plaintiffs are certainly not entitled to an injunction which would affect a prior restraint on AM Best from publishing its credit rating of Plaintiffs. Accordingly, the Court should dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

**2. Plaintiffs Fail to Allege a Breach of Contract**

In order "[t]o establish a prima facie case of breach of contract, a plaintiff must show '(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations.'" *Doe v. Bank of America, N.A.*, 2018 WL 295565, at *5 (D.N.J. Jan. 3, 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)). "[I]f parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992).

Furthermore, a breach of contract claim must "allege or identify a contractual provision on which [the] claim is based." *Red Hawk Fire & Security, LLC v. Siemens Industry Inc.*, 449 F. Supp. 3d 449, 462 (D.N.J. 2020). "A plaintiff must identify the specific contract or provision that was allegedly breached." *Grande Village LLC v. CIBC Inc.*, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015). "Plaintiffs cannot rest on allegations that defendants wrongfully or unreasonably engaged in certain behavior or generally contravened loan documents." *Id.* Plaintiffs cannot allege "a breach of contract unless plaintiffs can identify what contractual provision was breached." *Id.* "[G]eneralized conclusory allegations [regarding a contract's language] are insufficient to show any breach of contract." *Campbell v. Heartland Payment Systems, Inc.*, 2016 WL 11737843, at *3 (D.N.J. Sept. 26, 2016).

Plaintiffs' allegations amount to nothing more than generalized conclusory allegations that AM Best has breached supposed agreements with Atlantic Coast and Sentinel. However, Plaintiffs fail to identify any provisions of the 2005 agreement with Atlantic Coast that AM Best has breached, much less any provision of the purported contract with Sentinel. Accordingly, Plaintiffs have failed to allege that AM Best is in breach of any contractual provision.

At most, Plaintiffs allege that AM Best has not adhered to its Best's Credit Rating Methodology. However, Plaintiffs fail to allege that Best's Credit Rating Methodology has been incorporated into the written contract with Atlantic Coast, or any potential contract with Sentinel. *See Bacon v. Avis Budget Group, Inc.*, 357 F. Supp. 3d 401, 417 (D.N.J. 2018) ("[T]he document to be incorporated must be described in such terms that its identity may be ascertained beyond doubt and the party to be bound by the terms

BRACEWELL

The Honorable Zahid N. Quraishi
June 24, 2024
Page 3

must have had 'knowledge of and assented to the incorporated terms.'"). Accordingly, Plaintiffs have failed to allege any breach of contract.

### 3. Plaintiffs Fail to Adequately Allege Damages Flowing From any Alleged Breach

To adequately allege damages, a plaintiff must allege that the damages were caused by the defendant's alleged breach. *Alban v. Kawasaki Kisen Kaisha, Ltd.*, 2023 WL 3863095, at *3 (3d Cir. 2023); *Wade v. Kessler Institute,* 778 A.2d 580, 590 (N.J. Super. 2001) (holding that plaintiff must prove elements of breach, proximate cause, and damages). "Under contract law, a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract." *Totaro, Duffy, Cannova and Co., L.L.C. v. Lane, Middleton & Co., L.L.C.*, 191 N.J. 1, 13 (2007) (quoting *Pickett v. Lloyd's*, 131 N.J. 457, 474 (1993)). The Supreme Court of New Jersey has held that "the loss must be a reasonably certain consequence of the breach although the exact amount of the loss need not be certain." *Donovan v. Bachstadt*, 91 N.J. 434, 445 (1982). Damages that do not flow from the alleged breach are not recoverable. *RNC Systems, Inc. v. Modern Technology Group, Inc.*, 861 F. Supp. 2d 436, 456-57 (D.N.J. 2012). "Anticipated profits that are too remote, uncertain, or speculative are not recoverable." *Desai v. Board of Adjustment of Town of Phillipsburg*, 360 N.J. Super. 586, 595 (N.J. App. 2003).

Plaintiffs' alleged damages are entirely too remote, uncertain, and speculative to be recoverable. Additionally, none of Plaintiffs' damages flow from AM Best's alleged breach; all their damages depend on actions taken by third parties and are not proximately caused by AM Best. Moreover, none of the damages are alleged to have occurred yet, but are merely alleged to possibly happen in the future if AM Best publishes its downgrade of Plaintiffs' credit rating.

\*   \*   \*

We respectfully request that a Pre-Motion Conference be scheduled. Under the Court's Judicial Preferences, Plaintiffs' response, if any, is due July 1, 2024. We thank the Court for its attention to this matter.

Respectfully,

*Rita K. Maxwell*
Rita K. Maxwell (NJ Attorney ID 043422010)
David J. Ball (NJ Attorney ID 036732004)
Britt Cass Steckman (*pro hac vice*)
Patrick J. Morley (*pro hac vice*)
**Counsel for Defendant**
**A.M. Best Rating Services, Inc.**


cc (via ECF):
All Counsel of Record